UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK, No. 767925,

        Petitioner,        Case No. 2:17-cv-12548
                                Hon. George Caram Steeh
    v.

STEVE RIVARD,

        Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT
OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Charles Holbrook, ("Petitioner"), incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed yet another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner was convicted of two counts of producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2), two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of possessing child sexual abusive material, Mich. Comp. Laws § 750.145c(4), accosting a

---

[1] This is at least Holbrook's sixth federal habeas petition filed in 2017 in this District. See E.D. Mich. Case Nos. 17-12251, 17-11477, 17-11232, 17-11068, and 17-11606. He has filed approximately a dozen other habeas petitions attacking his convictions and sentences since 2013. See E.D. Mich. Case Nos. 13-13137, 16-10684, 16-10881, and 16-11901; W.D. Mich. Case Nos. 16-00142, 16-00140, 16-00062, 17-00390, 16-00171, 13-00663, 15-00056, and 15-00131.

child for immoral purposes, Mich. Comp. Laws § 750.145a, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f, following a jury trial in the Kent County Circuit Court. The current petition asserts: "I am held in this state prison without due process. 'Prosecution of citizen who is unaware of any wrongdoing for wholly passive conduct violates due process.' *United States v. Layne*, 43 F.3d 127 [(5th Cir. 1995)]." Dkt. 1, at 1.

Petitioner has filed at least one prior petition for a writ of habeas corpus challenging the convictions at issue in the present case that was denied on the merits. See *Holbrook v. Rapelje*, No. 2:13-cv-13137 (E.D. Mich. April 1, 2016). Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order of authorization from the court of appeals. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth

Circuit Court of Appeals. *Id.* at 971; See also *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The current habeas petition is a successive petition within the meaning of § 2244(b)(3)(A). This Court therefore lacks jurisdiction to entertain the petition in the absence of authorization from the Sixth Circuit. § 2244(b)(3)(A). If Petitioner wishes to seek habeas relief with respect to his state court conviction, he must start by filing a motion to authorize a successive petition in the Sixth Circuit. As Petitioner has been repeatedly informed, this Court does not have jurisdiction to consider his habeas petitions absent the order of authorization.

**IT IS THEREFORE ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated: August 16, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2017, by electronic and/or ordinary mail and also on Charles Holbrook #767925, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk